UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
**LAQUAN DEVOTA HARRIS,**

        Plaintiff,

-against-

**SHANE DENULLY**, *et al.*,

        Defendants.
-----------------------------------------------------------x
**LAQUAN DEVOTA HARRIS**,

        Plaintiff,

-against-

**JAMES SOWELL**, *et al.*,

        Defendants.
-----------------------------------------------------------x

TRANSFER ORDER

20-CV-521 (AMD) (LB)

20-CV-522 (AMD) (LB)

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ FEB 13 2020 ★

BROOKLYN OFFICE

**ANN M. DONNELLY,** United States District Judge:

    The *pro se* plaintiff brought two actions pursuant to 42 U.S.C. § 1983 alleging that he was falsely arrested on November 7, 2018, in New York County. The Court consolidates these actions solely for the purpose of this order.

    Under 28 U.S.C. § 1391(b), the proper venue for a civil action is the judicial district "in which any defendant resides," "in which a substantial part of the events or omissions giving rise to the claim occurred," or where "a substantial part of property that is the subject of the action is situated." The plaintiff does not allege that any of the events he complains about occurred in the Eastern District of New York, or that the defendants are located in this district. The plaintiff was arrested near West 28th Street and West 34th Street in Manhattan in the Southern District of New York, and the defendants are also based in Manhattan.

1

Accordingly, this Court is not the appropriate court in which to file this action. If an action is filed in the wrong district court, a court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

In the interest of justice, the Clerk of Court is respectfully directed to transfer this action to the United States District Court for the Southern District of New York and close this case. *See* 28 U.S.C. § 1406(a). The Court offers no opinion on the merits or timeliness of the action.[1] The decision on the plaintiff's application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 is reserved for the transferee court. The provision of Local Rule 83.1 which requires a seven-day stay is waived. The Court will not issue summonses. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 269 U.S. 438, 444-45 (1962).

---

[1] The plaintiff has filed multiple complaints in this Court. *See Harris v. Mount Sinai St. Lukes*, No. 19-CV-7324 (AMD) (LB) (transferred to the United States District Court for the Southern District of New York on Jan. 10, 2020); *Harris v. NYPD*, No. 19-CV-7323 (AMD) (LB) (dismissed on Jan. 22, 2020 for failure to state a claim); Harris *v. Fraser*, No. 19-CV-6844 (AMD) (LB) (dismissed on Jan. 2, 2020 for lack of subject matter jurisdiction); *Harris v. Scola*, No. 19-CV-5059 (AMD) (LB) (dismissed on Sept. 20, 2019 for lack of subject matter jurisdiction); *Harris v. Reynolds*, No. 19-CV-4818 (AMD) (LB) (dismissed on Sept. 20, 2019 for lack of subject matter jurisdiction); *Harris v. Giorgio*, No. 19-CV-5714 (AMD) (LB) (dismissed on November 5, 2019 for lack of subject matter jurisdiction); *Harris v. Fuster*, No. 18-CV-5896 (AMD) (LB) (transferred to the United States District Court for the Southern District of New York on Oct. 24, 2018) and *Harris v. Washington*, No. 18-CV-6376 (AMD) (LB) (dismissed on Nov. 15, 2018 for failure to comply with Rule 8 and for failure to state a claim).

**SO ORDERED.**

　　　　　　　　　　　　　　　　　　　　s/Ann M. Donnelly
　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　ANN M. DONNELLY
　　　　　　　　　　　　　　　　　　　　United States District Judge

Dated: Brooklyn, New York
　　　　February 13, 2020